UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

BARRY WARNER                          :
                                      :
     v.                               :    C.A. No. 09-036ML
                                      :
UNITED STATES OF                      :
AMERICA                               :

**MEMORANDUM AND ORDER**

This is a personal injury action brought under the Federal Tort Claims Act. It arises out of a minor motor vehicle accident between Plaintiff's delivery van and a postal delivery vehicle.

Pending before me for determination is Plaintiff's Motion to Compel (Document No. 26) production of unredacted copies of a Postal Service Accident Investigation Worksheet (PS Form 1700) and Accident Report (PS Form 1769). Defendant made narrow redactions limited to one section on each Form. The unredacted portions of the Forms contain detailed facts gathered during the Postal Service's accident investigation including accident descriptions and diagrams. On PS Form 1700, Defendant redacted the information in Sections 43 and 44 which contain the Postal Service Investigator's Conclusions and claim handling recommendations. On PS Form 1769, Defendant redacted the information in Section 60 which contains the Investigator's suggested "preventive action" to prevent future accidents. Defendant opposes the Motion (Document No. 30) and argues that it should be denied "because it seeks work product pertaining to the mental conclusions of the Defendant's representative and is not reasonably calculated to lead to the discovery of admissible evidence." Id. at p. 1. Further, Defendant argues that the redacted portions of both documents were "clearly created in anticipation of litigation and thus protected by the work product privilege." Id. at p. 2. On October 22, 2009, the Court ordered Defendant to produce unredacted copies of the Forms in question for in camera review. Defendant did so in a timely fashion, and the Court has reviewed the redacted information.

**Discussion**

**A.    Waiver**

When a claim of privilege is made, the party asserting the privilege bears the burden of establishing both that the privilege applies and that it has not been waived. See Yurick v. Liberty Mut. Ins. Co., 201 F.R.D. 465, 472 (D. Ariz. 2001); In re Raytheon Sec. Litig., 218 F.R.D. 354, 357 (D. Mass. 2003).

Under Fed. R. Civ. P. 26(b)(5)(A), a party withholding information based on assertion of a privilege must expressly make the claim and "describe the nature of the documents, communications, or tangible things not produced or disclosed...in a manner that...enable[s] other parties to assess the claim." It is undisputed that Defendant did not comply with the Rule by failing to produce a privilege log to Plaintiff regarding the redactions. (Document No. 30 at p. 2, n.1). The Advisory Committee notes to Rule 26(b)(5) suggest that the failure to do so "may be viewed as a waiver of the privilege or protection."

Defendant first points out that Plaintiff did not request a privilege log. That is irrelevant as Rule 26(b)(5)(A) is mandatory and not triggered by a request from the opposing party. It is an affirmative obligation triggered when a party withholds materials claiming privilege or work-product protection. The purposes of a privilege log are to give the opposing party notice that information has been withheld pursuant to a claimed privilege and to provide general information upon which to assess the opponent's claim of privilege. The latter disclosure is aimed at reducing discovery disputes and the need for in camera examination of disputed documents by the Court.

Although Defendant has presented no valid reason for its failure to produce a privilege log, the circumstances do not justify imposing the harsh sanction of waiver in this particular case. Plaintiff had notice of the redactions as they are apparent on the face of the documents and, since Defendant did not redact the section headings and questions, the reason for the redaction is also readily apparent. Thus,

Plaintiff has not been prejudiced and had sufficient information to pursue his motion to compel in a timely fashion. Further, there is no indication of bad faith or intent to deceive on the part of Defendant's counsel. See Sprint Commc'n Co. v. Big River Tel. Co., No. 08-2046-JWL, 2009 WL 2878446 at *1 (D. Kan. Sept. 2, 2009) ("Because waiver is a harsh sanction,...courts often reserve such a penalty for those cases where the offending party unjustifiably delayed in responding to the discovery requests or acted in bad faith.").

### B.  Prepared in Anticipation of Litigation

Having found no waiver, the remaining issue is whether the redacted portions of the Forms were "prepared in anticipation of litigation or for trial" by Defendant or its representative. Fed. R. Civ. P. 26(b)(3)(A).

In its brief, Defendant cites two conflicting decisions regarding the applicability of the work product doctrine to the Postal Service Forms in question. In Cooper v. United States, No. 84 Civ.1711 (RWS), 1984 WL 1267 (S.D.N.Y. Nov. 26, 1984), the Court, in a one-paragraph memorandum opinion, concluded that certain redacted portions of the Postal Service Forms in question were protected from discovery as work product under Fed. R. Civ. P. 26(b)(3). The Court cited no authority for its conclusion other than Rule 26(b)(3). In addition, it did not identify what information was redacted from the Forms and there is a question as to whether those Forms are the same as the ones in dispute in this case since the Cooper opinion was issued in 1984 and the Forms in this case, PS Form 1700 and 1769, have creation dates of December 1991 and September 1991, respectively. Thus, there is insufficient information contained in the brief memorandum opinion issued in Cooper v. United States to conclude that it involved sufficiently similar facts and should be given persuasive weight.

The second case cited by Defendant is Hernandez v. United States, No. Civ. A. 97-3367, 1998 WL 230200 (E.D. La. May 6, 1998). In Hernandez, the Court reasoned that "investigative reports that

are routinely prepared after all incidents, regardless of the possibility of litigation, are prepared in the regular course of business and are not protected from discovery by Rule 26(b)(3)" and concluded that the form reports that Postal Service employees must prepare after motor vehicle accidents, including PS Forms 1700 and 1769, are not work product. Id. at *2. Defendant argues that the Hernandez case is distinguishable because there, the defendant claimed work product as to the entire report forms and not just to the conclusions/recommendations redacted in this case. Also, Defendant argues that the Court in Hernandez did not address "the threshold issue of whether the opinion of an investigator who did not witness the accident would reasonably be calculated to lead to the discovery of admissible evidence." (Document No. 30 at p. 3).

In this case, Defendant has not met its burden of establishing that the PS Forms in question were completed in anticipation of litigation. In fact, Defendant has offered absolutely no evidence or information regarding the authority or circumstances under which the Forms in question were completed. PS Form 1700 indicates that the information collected "will be used to record and resolve the circumstances relating to the accident and to evaluate your driving skills," and notes that, "[a]s a routine use, this information may be disclosed...where pertinent, in a legal proceeding to which the Postal Service is a party." (Document No. 30-2 at p. 1). PS Form 1769 does not include a statement of purpose but the Postal Service has represented in other litigation that its "policy requires that any accident involving a motor vehicle, no matter how minor, must be documented by the supervisor in an accident report on Form 1769." Downes v. Potter, No. 04-CV-3876 (JFB), 2006 WL 2092479 at *4 (E.D.N.Y. July 26, 2006); see also Robinson v. United States, 205 F.R.D. 104, 108 (W.D.N.Y. 2001) (PS Form 1769 is "completed for the purpose of improving safety levels at the Post Office and preventing recurrence of accidents"). Thus, as found in Hernandez v. United States, these "investigative reports...are routinely prepared after all incidents, regardless of the possibility of litigation,"...in the regular course

of business and are not work product. This Court agrees and so holds. Moreover, there is absolutely no rationale basis upon which to argue that the "preventive action" Section on PS Form 1769 was prepared in anticipation of litigation when its stated purpose is to prevent similar accidents in the future.

### C. Relevance

Defendant's second line of defense is that the redacted portions of PS Forms 1700 and 1769 contain opinions that are not admissible evidence or reasonably calculated to lead to the discovery of admissible evidence. See Delaney v. Tilton, No. 1:07-cv-1219 LJO DLB PC, 2008 WL 4298179 at *4 (E.D. Cal. Sept. 18, 2008) ("Any opinions, conclusions and recommendations made by the [correction department] investigators are unlikely to lead to the discovery of admissible evidence and therefore are not discoverable."). The redacted portion of PS Form 1700 simply documents the investigator's opinion as to fault for the accident. It contains no fact evidence and it is not relevant discoverable information within the scope of Fed. R. Civ. P. 26(b)(1). Similarly, the redacted portion of PS Form 1769 contains no fact evidence or information about the circumstances of the accident in dispute. It simply contains the investigator's opinion or recommendation as to what "preventive action" might "prevent similar accidents" in the future. In Robinson, 205 F.R.D. at 108-110, (a Post Office slip and fall case), the Court held that the preventive action section of PS Form 1769 was not protected from disclosure under the self-critical analysis privilege and ordered disclosure. It appears from the Court's decision in Robinson that the defendant relied solely upon the self-critical analysis privilege and did not argue either work product or relevance. As noted above, the "preventive action" portion of PS Form 1769 is not discoverable under the relevance standard of Fed. R. Civ. P. 26(b)(1). See Delaney, 2008 WL 4298179 at *4 (opinions, conclusions and recommendations of investigators are unlikely to lead to the discovery of admissible evidence and thus are not discoverable).

**Conclusion**

For the reasons outlined above, Plaintiff's Motion to Compel (Document No. 26) is DENIED. After close review of the redacted statements, the Court concludes that they were not included on the Postal Service Forms in anticipation of litigation and thus are not entitled to work product protection. However, the redacted statements are solely the after-the-fact opinions and recommendations of an investigator and contain no relevant fact evidence and could in no way lead to the discovery of admissible evidence. Thus, the redacted portions of PS Forms 1700 and 1769 are not discoverable under Fed. R. Civ. P. 26(b)(1).[1]


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
Untied States Magistrate Judge
November 2, 2009

---

[1] If Defendant presents testimony from the Investigator regarding his conclusions and recommendations at trial, it may potentially open the door to production of the redactions for purposes of cross-examination and impeachment.