UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND


BARRY WARNER,
        Plaintiff,

v.                                                 C.A. No. 09-036ML

UNITED STATES OF AMERICA,
        Defendant.

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Limit Damages.  For the reasons set forth below, Defendant's Motion is granted in part and denied in part.

## I.   BACKGROUND

The events giving rise to this suit occurred on April 4, 2008, when Barry Warner ("Plaintiff") suffered injuries in a motor vehicle accident.  On that date, Plaintiff was driving north on Mendon Road, a public highway in Cumberland, Rhode Island.  Plaintiff contends that the vehicle he was driving was struck by a United States Postal Service ("USPS") truck driven by USPS mail carrier Karen Neary ("Neary").  Plaintiff further contends that Neary "negligently caused the motor vehicle[] she was operating to collide with [] Plaintiff's motor vehicle, when said operator pulled out into the lane of travel of Plaintiff's motor vehicle." Compl. ¶ 7.  The vehicle driven by Plaintiff sustained damages on the right side, and the USPS vehicle sustained damages on the left side.

On May 27, 2008, Plaintiff's counsel submitted a Standard Form 95 Claim for Damage, Injury, or Death to USPS.  Defendant's Exhibit A.  The claim alleged that Plaintiff suffered

1

$5,000 in property damage and $25,000 in personal injuries. Id. Plaintiff described his injuries as "cervical sprain/strain, lumbar sprain/strain, thoracic sprain/strain, multiple intersegmental joint dysfunction." Id. On June 9, 2008, Plaintiff's counsel filed an Amended Standard Form 95 Claim for Damage, Injury, or Death with USPS. Defendant's Exhibit B. In the amended Claim, Plaintiff increased his property damages from $5,000 to $10,000 and claimed the same $25,000 in personal injuries. Id.

On July 23, 2008, Susan Demko, Accounting Specialist for USPS, sent Plaintiff a letter notifying him that his claim had been denied. Compl., Exhibit A at 1. The letter stated that USPS "cannot accept legal liability" for any "damages or injuries that may have occurred." Id. It also informed Plaintiff that any suit "filed in regards to the denial of his claim must be filed within six (6) months of the date of the mailing of that letter." Id. at 2.

On July 28, 2008, Plaintiff's counsel sent a letter to Demko in response to USPS' denial of Plaintiff's claim, requesting that USPS reconsider its decision. On August 4, 2009, Autria Finley, a USPS supervisor, sent Plaintiff's counsel a letter notifying him that after reconsidering all of the facts, USPS had affirmed its denial of Plaintiff's claim. Compl., Exhibit B. Plaintiff was again informed that if he was dissatisfied with USPS' final denial, he may "file suit in a United States District Court no later than six (6) months after the date the Postal Service mails the notice of that final action." Id.

Plaintiff commenced this action on January 23, 2009. The Complaint contains two counts. Count I alleges that Defendant's negligence was the direct and proximate cause of the damage to the motor vehicle that Plaintiff was driving. Compl. ¶ 8. Count II alleges that as a direct and proximate result of Defendant's negligence, Plaintiff sustained "personal injuries,

2

suffered pain of the body and mind, incurred expenses for proper medical care and treatment, suffered a loss of wages, and/or earning capacity, and will continue to suffer said injuries and incur said expenses in the future." Id. ¶ 8. In the Complaint, Plaintiff claims money damages for his personal injuries, medical expenses, property damage, loss of wages and/or earning capacity, plus interest and costs. Plaintiff does not, however, set forth a particular amount for these damages.

## II.   ANALYSIS

Defendant has moved for the Court to limit Plaintiff's damages to $25,000, and to exclude any claim for property damages and lost wages, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 et seq. The FTCA is a limited waiver of sovereign immunity in tort actions, and provides the "exclusive remedy to compensate for a federal employee's tortious acts committed within his or her scope of employment." Roman v. Townsend, 224 F.3d 24, 27 (1st Cir. 2000).

Although the Complaint does not assert a particular amount of damages, Defendant requests that this Court limit Plaintiff's damages claim in a number of ways – Defendant argues that (1) Plaintiff is not entitled to property damages because he did not own the vehicle damaged in the accident; (2) Plaintiff cannot claim lost wages because he did not allege those damages in the administrative process; and (3) Plaintiff's claim cannot exceed the amount he previously claimed administratively.

### A.    Plaintiff's Claim for Property Damages

It is undisputed that the vehicle Plaintiff was driving at the time of the accident was a 2001 Ford owned by Eastern Foam Corp. Based upon that fact, Defendant argues that Plaintiff

3

cannot recover for the $10,000 in property damage that he claimed in both the amended

Administrative Claim and in Count I of the Complaint, because he does not own the vehicle at

issue, and therefore lacks standing to recover for any damage to that vehicle.

In response, Plaintiff argues that he was given the legal authority to collect sums owed to

Eastern Foam Corp., formerly Ray's Foam Inc., and therefore he has legal standing to recover

the $10,000 in property damages. To support this argument, Plaintiff attached an unsigned,

undated document to his Objection, entitled "Power of Attorney." The document states in part –

> KNOW ALL MEN BY THESE PRESENCE, that I, BARBARA A. WARNER, of West
> Warwick, Rhode Island, do hereby appoint BARRY WARNER, my attorney for me and
> in my name, and stead to have full power to operate that certain business purchased from
> RAY'S FOAM INC...

Plaintiff's Objection, Exhibit 12.

28 C.F.R. § 14.3(a), entitled "Administrative claim; who may file," states that "a claim

for injury to or loss of property may be presented by the owner of the property, his duly

authorized agent or legal representative." 28 C.F.R. § 14.2(a) states that when the administrative

claim is "presented," the notification must include the "title or legal capacity of the person

signing," and it must be "accompanied by evidence of his authority to present a claim on behalf

of the claimant as agent, executor, administrator, parent, guardian, or other representative."

It is undisputed that Plaintiff is not the owner of the damaged vehicle. It is also

undisputed that Plaintiff's counsel did not include the purported Power of Attorney, nor did he

list Plaintiff as the agent or legal representative of Eastern Foam Corp. on the Claim Forms. In

fact, on Section Two on the Standard Form 95 Claim, the claimant is instructed to list the

"Name, Address of claimant, and claimant's personal representative, if any." Defendant's

4

Exhibit A, B. On both forms, Plaintiff listed his name and address, but did not include Eastern Foam Corp. as a claimant. Id.

Plaintiff's only claim of legal authority to collect damages owed to Eastern Foam Corp. is the purported "Power of Attorney" that he attached to his Objection. Not only is the document not signed, dated, or witnessed, but neither Plaintiff nor his counsel disclosed this document to Defendant when filing the administrative claims.[1] The Court therefore finds that Plaintiff cannot recover the $10,000 in property damages, because he does not own the vehicle at issue and did not submit proof that he was filing the administrative claim as the representative or duly authorized agent for Eastern Foam Corp.

## B.    Plaintiff's Claim to Lost Wages

Defendant argues that the Court should exclude Plaintiff's claim for lost wages, because he did not include lost wages in his administrative claim. Although Plaintiff does not assert a particular amount of lost wages in the Complaint, Count II of the Complaint alleges that Plaintiff suffered "a loss of wages and or/earning capacity, and will continue to suffer said injuries and incur said expenses in the future." Compl. ¶ 8.

In response, Plaintiff argues that $25,000 in personal injuries alleged in the administrative claim included his damages for lost wages. Plaintiff contends that he is entitled to recover for those lost wages, because he is not asserting any additional damages over and above that $25,000

---

[1] As a secondary argument, Plaintiff argues that Defendant had a duty to inform him that he could not make a claim on behalf of Eastern Foam Corp. for property damages. Plaintiff cites no authority to support this argument. Moreover, there is no evidence that Defendant intentionally misled Plaintiff in any of the attached correspondence. The Court is therefore not persuaded by Plaintiff's argument.

claim. Moreover, Plaintiff emphasizes that nowhere on the Standard Form 95 Claim Form is there any instruction or information with regard to making a claim for lost wages.

The Court has reviewed USPS' Standard Claim Form and its corresponding instructions, and finds that the Claim Form itself is not a model of clarity. While Section 12 of the Claim Form provides a section for listing and/or describing property damage, personal injury and wrongful death, it does not provide such a section for a claim of lost wages. Moreover, the instructions do not shed any light on the need to specify lost wages or income on the Claim Form. These ambiguities in the Claim Form must be construed against the drafter – in this case, the Government. See United States v. Newbert, 504 F.3d 180, 185 (1st Cir. 2007) (citing Restatement (Second) of Contracts § 206 (1981)). Plaintiff should not, therefore, be barred from claiming those lost wages now. Accordingly, the Court finds that Plaintiff is not excluded from claiming lost wages within the confines of the $25,000 personal injury amount that he claimed on his administrative claim.

## C.    Limitation of $25,000 on Plaintiff's Claim

Defendant argues that Plaintiff's damages claim should be limited to $25,000, because that is the amount of damages he claimed for personal injuries in his administrative claims. Under the FTCA, a plaintiff cannot claim damages in excess of that set forth in the administrative claim presented to the USPS, absent certain circumstances not relevant here. 28 U.S.C. § 2675(b). Furthermore, it does not appear that Plaintiff disputes Defendant's argument on this point. Rather, Plaintiff concedes that his personal injury claim was for $25,000 and that that amount included his claim for lost wages. The Court therefore concludes that Plaintiff's

damages are limited to $25,000 in this action.

### III.   CONCLUSION

For the reasons set forth above, Defendant's Motion to Limit Damages is GRANTED in part and DENIED in part.  Plaintiff's damages are limited to $25,000; Plaintiff's damages claim may include lost wages within the confines of his $25,000 damages claim; but Plaintiff may not recover for any alleged property damage.

SO ORDERED.

_Mary M. Lisi_

Mary M. Lisi
Chief United States District Judge
May 18, 2010

7